IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEITH ALLEN HONAKER, JR.,

      Plaintiff,

v.                                                    CASE NO. 5:16-cv-123-MP-GRJ

CORIZON, INC., and
FLORIDA DEPT. OF CORRECTIONS,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint and has been granted leave to proceed as a pauper by separate order. At the time the Complaint was filed, Plaintiff was confined at Northwest Florida Reception Center. A review of the DOC's online inmate locator reflects that Plaintiff has been transferred to the Reception and Medical Center at Lake Butler. Plaintiff has failed to file a change of address with the Court. The Court ordered Plaintiff to show cause on or before November 11, 2016, as to why this case should not be dismissed for failure to prosecute, and warned Plaintiff that failure to respond would result in a recommendation that this case be dismissed without further notice. ECF No. 18. As of this date, Plaintiff has failed to respond.

In addition, before his transfer Plaintiff filed an Amended Complaint, which is before the Court for screening pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The Complaint stems from the medical care that Plaintiff has received during his incarceration.  Plaintiff alleges that he suffers from chronic hepatitis C and advanced hemochromatosis.  Plaintiff names 17 Defendants at different institutions in this case, including the Polk County Jail.

In any section 1983 action, two essential elements must be present:

1. conduct by a person acting under color of state law; and

2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held

that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment.  "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).  To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

The Polk County Jail is not an entity that can be sued under section 1983.  Further, although Plaintiff has identified 17 potential Defendants in his Amended Complaint, he has failed to describe how each named

Defendant is responsible to him in this case.  Plaintiff's allegations are too vague and conclusional to state a cause of action under section 1983.  In civil rights cases, more than conclusional and vague allegations are required to state a cause of action.  *See Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).

Further, assuming that Plaintiff's conditions amount to a serious medical need under the Eighth Amendment, he has failed to show that any doctors were deliberately indifferent to his needs.   Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference.  *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular

course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

Plaintiff's allegations suggest that he is receiving treatment for his conditions, but that he disagrees with the medical decisions concerning his treatment.  Such disagreement does not create a constitutional claim.  *See id*.

The Court ordered Plaintiff to show cause on or before November 1, 2016, as to why this case should not be dismissed for failure to state a claim upon which relief may be granted.   As of this date, Plaintiff has failed to respond.

It is therefore respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to state a claim upon which relief may be granted.

**IN CHAMBERS** in Gainesville, Florida, on the 3rd day of November 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**